## HEFLIN v. HARNED.

No. 21088.   Opinion Filed Nov. 29, 1932.

D. B. Madden and Walter Hubbell, for plaintiff in error.

Lon Morris & Son, for defendant in error.

HEFNER, J. On June 1, 1928, Meeker Company brought action against Effie Heflin to recover the sum of $252 on open account for goods, wares, and merchandise sold and delivered to her by plaintiff. W. B. Harned was made garnishee in the action and summons served upon him. He answered stating that at the time of service of summons upon him he did not have in his possession any money or property belonging to defendant, nor was he in any wise indebted to her. Prior to the bringing of this action, defendant was a retail merchant engaged in business in the city of Walters, Okla. She sold her entire stock of goods in bulk to garnishee. It was the contention of plaintiff that garnishee purchased the stock from defendant in violation of the Bulk Sales Act, and was, therefore, liable to creditors of defendant as garnishee, under the provisions of section 6030, C. O. S. 1921. Trial was had as between plaintiff and defendant, and resulted in judgment in favor of plaintiff for the amount sought. Thereafter trial was had as between plaintiff and garnishee as to the truth of the answer of garnishee. The trial court found that garnishee purchased the stock in bulk from defendant in violation of the Bulk Sales Act, and that the stock so purchased exceeded in value the amount of plaintiff's claim, and rendered judgment against garnishee for the full amount thereof. Execution was issued against garnishee on this judgment, and the same was satisfied by him without levy. Upon satisfaction of the judgment, garnishee filed a motion in the original action, praying judgment against defendant in his favor for the amount so paid. Notice of hearing on this motion was served upon defendant, who appeared specially for the purpose of contesting the jurisdiction of the court to entertain the motion, and for such purpose only. The trial court overruled defendant's plea to the jurisdiction, and entered judgment in favor of garnishee and against defendant as prayed for in the motion.

Defendant appeals and asserts that the court erred in overruling her plea to the jurisdiction of the court. With this contention we agree. While it is true, as contended by garnishee, that upon satisfaction of the judgment rendered against defendant he was in law subrogated to the rights of the judgment creditor and would have been entitled to such relief had he asked therefor in his answer to the garnishee summons served upon him, having failed to raise this issue prior to the rendition of judgment, he cannot obtain such relief by motion filed subsequent thereto. His motion comes too late; the case was closed without this issue having been raised; the garnishee must therefore seek his relief in an independent action.

The judgment is reversed and the cause remanded, with directions to sustain defendant's plea to the jurisdiction of the court; to vacate the judgment rendered against her in favor of garnishee; and to dismiss garnishee's motion.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents. CLARK, V. C. J., absent.